FILED

2012 DEC 18  PM 2:57

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

1  GREENBERG TRAURIG, LLP
2  ROBERT J. HERRINGTON (SBN 234417)
   ALANA C. SROUR (SBN 271905)
3  1840 Century Park East, Suite 1900
   Los Angeles, California 90067
4  Telephone: (310) 586-7700
   Facsimile:  (310) 586-7800
5  Email:  herringtonr@gtlaw.com
           sroura@gtlaw.com
6  Attorneys for Defendants
7  Wal-Mart Stores, Inc.

8

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11

12  CHARMONIQUE JONES, SAM          CASE NO. CV12-10799 — MMM (CWx)
    MYERS and JARON WILSON,
13  individuals, on behalf of themselves   NOTICE OF REMOVAL BY WAL-
14  and all others similarly situated,     MART STORES, INC. PURSUANT
                                           TO (1) 28 U.S.C. SECTION
15            Plaintiffs,                   1332(D)(2) (CAFA); AND (2) 28
                                           U.S.C. SECTIONS 1332, 1441(B)
16  vs.                                    AND 1446 (DIVERSITY)

17                                         Complaint filed:  Dec. 19, 2011
    WAL-MART STORES, INC.,
18  a Delaware corporation,
    headquartered in the State of
19  Arkansas and authorized to do
    business in the State of California,
20  and DOES 1-100,

21            Defendants.

22

23

24

25

26

27

28

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446, 1453 Defendant, Wal-Mart Stores, Inc. ("Defendant" or "Walmart") hereby removes to this Court the state court action entitled *Charmonique Jones, et al. v. Wal-Mart Stores, Inc.*, Case No. BC475519, from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California. As set forth below, the Court has jurisdiction over this action pursuant to (i) the Class Action Fairness Act ("CAFA"), codified in relevant part at 28 U.S.C. §§ 1332(d) and 1453; and (ii) diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

## I.    GENERAL INFORMATION

1.    On December 19, 2011, Plaintiffs Charmonique Jones, Sam Myers, and Jaron Wilson (collectively "Plaintiffs") filed an unverified complaint against Walmart in the Superior Court of the State of California, in and for Los Angeles County alleging violations of the California Labor Code.   On March 23, 2012, Plaintiffs filed the unverified First Amended Complaint (the "FAC"), which is the current operative Complaint, alleging: (1) Failure to Pay Wages Owed in Violation of Cal. Lab. Code §§ 204 and 218; (2) Failure to Pay Overtime Wages in Violation of Cal. Lab. Code §§ 510, 1194 and 1198; (3) Failure to Timely Pay Wages Owed Upon Employment Termination in Violation of Cal. Lab. Code §§ 201, 202 and 203; (4) Failure to Itemize Pay Statements in Violation of Cal. Lab. Code § 226; (5) Unfair Competition in Violation of Cal. Bus. & Prof. Code § 17200, *et seq*; and (6) Penalties Pursuant to Cal. Lab Code § 2698 *et seq*.  In accordance with 28 U.S.C. §1446(a), a true and correct copy of the FAC filed in the Superior Court of the State of California, County of Los Angeles, is attached as Exhibit A to the Declaration of Robert J. Herrington ("Herington Dec."), and all pleadings, process, and orders served upon Defendant are attached as Exhibit F to the Herrington Dec.

2.    In the FAC, Plaintiffs seek unspecific damages, penalties and attorneys' fees on behalf of themselves and a putative class of "all current and former non-exempt

1

LA 130,647,761v10

employees of Walmart in the State of California who, during the time period March 27, 2010 to the present, were not compensated for all hours worked and/or not paid overtime wages for hours worked over eight (8) in a day and/or over forty (40) hours in a week, as required by the applicable California Labor Code provisions." Plaintiffs claim that Walmart required them and all members of the putative class to attend meetings before and after their shifts for which they were not properly compensated. The FAC, however, does not specify how much Plaintiffs supposedly were underpaid.

3.     Walmart was served with a copy of the FAC in the State Court action on March 23, 2012, via in-person service on its registered agent for service of process in the State of California.

4.     Defendant Walmart is the only named defendant in the State Court Action. The defendants designated as DOES 1 through 100 are fictitious defendants, are not parties to the action, have not been named or served, and are properly disregarded for the purpose of this removal. 28 U.S.C. §1441(a); *McCabe v. Gen. Foods, Inc.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

5.     On June 6, 2012, Defendant Walmart served Plaintiffs Charmonique Jones, Sam Myers and Jaron Wilson with (1) Form Interrogatories–General, Set One; (2) Form Interrogatories–Employment Law, Set One, (3) Special Interrogatories, Set One; and (4) Requests For Admission, Set One, (collectively "Discovery Requests), attached as Exhibit B to the Herrington Dec.

6.     On July 23, 2012, Plaintiffs Jones and Wilson served responses to Walmart's Discovery Requests, and on August 1, 2012, Plaintiff Myers served responses to Walmart's Discovery Requests.

7.     On November 16, 2012, after a meet-and-confer process, Plaintiffs served by mail the following Supplemental Discovery Responses: (1) Plaintiff Charmonique Jones' Supplemental Responses to Defendant's Form Interrogatories–General, Set One; (2) Plaintiff Sam Myers' Supplemental Responses to Defendant's Form Interrogatories– General, Set One; (3) Plaintiff Charmonique Jones' Supplemental Responses to

LA 130,647,761v10

Defendant's Form Interrogatories–Employment Law, Set One; (4) Plaintiff Sam Myers' Supplemental Responses to Defendant's Form Interrogatories–Employment Law, Set One; (5) Plaintiff Charmonique Jones' Supplemental Responses to Defendant's Special Interrogatories, Set One; (6) Plaintiff Sam Myers' Supplemental Responses to Defendant's Special Interrogatories, Set One; (7) Plaintiff Charmonique Jones' Supplemental Responses to Defendant's Requests For Admission, Set One; and (8) Plaintiff Sam Myers' Supplemental Responses to Defendant's Requests For Admission, Set One, (collectively "Supplemental Discovery Responses") attached as <u>Exhibit C</u> to the Herrington Dec.    Walmart's counsel received these Supplemental Responses on November 19, 2012.    Unlike Plaintiffs' FAC and initial discovery responses, the Supplemental Discovery Responses, specifically the Interrogatory Responses, contained specific calculations of alleged damages. Those calculations create a basis for removal.

8.    This Notice of Removal is timely. Under 28 U.S.C. § 1446(b), "If the case stated by the initial pleading is not removable, *a notice of removal may be filed within thirty days after* **receipt** *by the defendant*, through service or otherwise, of a copy of an amended pleading, motion, order *or other paper* from which it may first be ascertained that the case is one which is or has become removable."

9.    Plaintiffs' Supplemental Discovery Responses constitute "other paper" within the meaning of section 1446(b). *See Carvalho v. Equifax Info. Services, LLC*, 629 F.3d 876, 887 (9th Cir. 2010) citing *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006); *see also Rico-Chinn v. Prudential Ins. Co. of Am.*, C-05-01975 MMC, 2005 WL 1632289 (N.D. Cal. July 12, 2005) ("It is well-established that discovery responses qualify as "other paper" within the meaning of § 1446(b)." citing *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 165 (5th Cir. 1992) (holding response to interrogatory constitutes "other paper").

10.    Plaintiffs' Supplemental Discovery Responses were received on November 19, 2012 and the verifications received several days later. (Herrington Dec., ¶ 5). This

NOTICE OF REMOVAL BY WAL-MART STORES, INC.
LA 130,647,761v10

Notice is being filed within the 30-day deadline and is therefore timely.  This Notice also is filed within "1 year after commencement of the action" under 28 U.S.C. § 1446 (c)(1).[1]

11.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332(d)(2).

12.    Venue properly lies in the United States District Court for the Central District of California, Western Division, because the State Court action was pending in Los Angeles County Superior Court, and the Central District of California is the judicial district embracing the place where the State Court action was brought.  28 U.S.C. §§ 84(a), 1441(a), 1446(a).

## II.    CLASS ACTION FAIRNESS ACT JURISDICTION

13.    Pursuant to § 4 of the Class Action Fairness Act of 2005 ("CAFA" or "the Act"), 28 U.S.C. § 1332(d)(2):

> The district courts shall have original jurisdiction of any civil
> action in which the matter in controversy exceeds the sum or
> value of $5,000,000, exclusive of interest and costs, and is a
> class action in which – (A) any member of a class of plaintiffs
> is a citizen of a State different from any defendant.

14.    While there are a number of exceptions to this rule of original jurisdiction contained in amended 28 U.S.C. § 1332(d)(3)-(5), none of them applies here.

15.    This Court has jurisdiction over this action pursuant to CAFA, and this case may be removed by Defendant pursuant to the provisions of 28 U.S.C. § 1441(a), in that it is a civil class action wherein: (1) the proposed class contains at least 100 members; (2) the defendant is not a state, state official or other governmental entity; (3) the total

---

[1]  The complaint was initially filed on December 19, 2011. There is controversy as to whether, in the removal context "1 year," is interpreted as a calendar year of 365 days, or 366 days to include the extra day in 2012 as a leap year. This Notice is filed on December 18, 2012, within 365 days.

4

NOTICE OF REMOVAL BY WAL-MART STORES, INC.

amount in controversy exceeds $5,000,000; and (4) there is diversity between at least one class member and the defendant. 28 U.S.C. § 1332(d).

16.   As a preliminary matter, Defendant denies that it has any liability to Plaintiffs or the class they seek to represent, and denies that Plaintiffs or the putative class members are entitled to recover the damages, penalties, and other relief requested in the FAC. Defendant also submits that this action does not satisfy the requirements for class certification under Fed. R. Civ. P. 23. That said, Plaintiffs' recent Supplemental Discovery Responses demonstrate that the amount in controversy in this case exceeds the $5 million requirement, and the other requirements of CAFA are satisfied.

**A.    The Proposed Class Contains At Least 100 Members.**

17.   Plaintiffs bring this action on their own behalf, and as a class action and representative action. (FAC at p.2, lines 14-21.) Plaintiffs seeks to represent "current and former non-exempt employees of Walmart in the State of California who, during the time period March 27, 2010 to the present ("Class Period") were not compensated for all hours worked and/or not paid overtime wages for hours worked over eight (8) in a day and/or over forty (40) in a week, as required by the applicable California Labor Code provisions ("the Class"). (FAC at ¶ 3.)

18.   The proposed class that Plaintiffs seek to represent contains more than 100 members.

19.   Although Plaintiffs do not allege the number of potential class members, they assert that "[t]he Class [is] so numerous that individual joinder of all members is impracticable..." (FAC at ¶ 8(a).)

20.   Plaintiffs further allege that they and all "members of the Class were required by Walmart to attend store meetings before and after their shifts. Plaintiffs and the Class members clocked in and out for their regularly scheduled shifts, but they did not clock in and out for the meetings . . . As a result, Plaintiffs and the Class members were not properly compensated for their work." (FAC at ¶ 14.)

NOTICE OF REMOVAL BY WAL-MART STORES, INC.

LA 130,647,761v10

21. Between March 27, 2010 and August 10, 2012, Walmart has employed approximately 105,700 persons in non-exempt positions in the state of California. (*See* Defendant Wal-Mart Stores, Inc.'s First Supplemental Responses to Special Interrogatories, Set One, No. 12, attached hereto as <u>Exhibit E</u> to the Herrington Dec. The putative class size will certainly exceed 100 members, for removal purposes, so the numerosity requirement of CAFA is satisfied.

**B.   <u>Defendant Is Not A State, State Official Or Other Government Entity.</u>**

22. Walmart is not a state, state official or other governmental entity.

**C.   <u>Minimum Diversity.</u>**

23. Diversity, for purposes of CAFA, exists if the citizenship of "any member of a class of plaintiffs is a citizen of a State different from any defendant." *See* U.S.C. § 1332(d)(2)(A) (emphasis added); U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.")

24. The three named Plaintiffs were, at the time of commencing the State Court action, and still are, citizens of the State of California. (*See* Plaintiff Charmonique Jones 'Responses To Defendants Form Interrogatories–General, Set One (No. 2.5: "Plaintiff Charmonique Jones resides at 8008 S. Vermont Ave., #4, Los Angeles, CA 90044. She has resided there since October 2011. Ms. Jones resided at 1504 W' 105th St., Los Angeles, CA 90041 from approximately October 2001 to September 2011"); Plaintiff Jaron Wilson' Responses To Defendants Form Interrogatories–General, Set One (No. 2.5: "Plaintiff Jaron Wilson presently resides at" 905 Edgewood Street, #9, Inglewood, CA 90302. He has resided there for approximately one year (July 2011 to July 2012). For the preceding year, he resided at 713 Edgewood Street, #8, Inglewood, CA 90302 (July 2010 to July 2011). Previously, he resided for one year at 2491 West 141st St., #5, Gardena, CA 90249 (July 2009 to July 2010). Prior to that time, Mr. Wilson resided for about four years at 5351 S. Harcourt, Los Angeles, CA 90043 (July 2005 to July 2009). All dates in this response are approximate. The address information covers the five year

NOTICE OF REMOVAL BY WAL-MART STORES, INC.

LA 130,647,761v10

period encompassed by the interrogatory"); and Plaintiff Sam Myers' Responses To Defendants Form Interrogatories–General, Set One (No. 2.5: "Plaintiff Sam Myers resides at 3942 Stevely Avenue, #11, Los Angeles, CA 90008. He has resided there for the past five years"); collectively attached hereto as Exhibit D to the Herrington Dec.)

25.    To determine a company's principal place of business, the Court should apply the "nerve center" test. *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).  The question is where "a corporation's officers direct, control and coordinate the corporation's activities."  *Id.*  In practice, it "normally should be the place where the corporation maintains its headquarters...." *Id.*

26.    Walmart was, and still is, a corporation incorporated under the laws of the State of Delaware with its corporate headquarters in the State of Arkansas.  *Richey v. Wal-Mart Stores, Inc.*, 390 F. App'x 375, 378 (5th Cir. 2010) (finding complete diversity where at time of removal, Plaintiff was a citizen of Texas and Walmart is incorporated in Delaware, with its principal place of business in Arkansas); *Menard v. Hewlett Packard Co.*, CIV.A. 12-3570, 2012 WL 2938010 (E.D. Pa. July 19, 2012) (holding complete diversity exists and noting that Plaintiffs are citizens of Pennsylvania, HP is a citizen of Delaware and California, and Walmart is a citizen of Arkansas and Delaware); *Freeman v. Wal-Mart Stores, Inc.*, 11-CV-3816 DMC JAD, 2012 WL 893085 (D.N.J. Mar. 13, 2012) ("It is undisputed that the parties to this suit are of diverse citizenship. Plaintiff is a citizen of New Jersey while Walmart Stores, Inc. is a corporation organized and existing under the laws of Delaware with its principal place of business in Bentonville, Arkansas."). Thus, Arkansas is Walmart's principal place of business.

27.    Thus, Walmart is a citizen of Delaware and Arkansas, and is not a citizen of the State of California.

28.    Because Walmart is a citizen of Delaware and Arkansas and one or more named Plaintiff is a citizen of California, CAFA's minimum diversity requirement is met.

NOTICE OF REMOVAL BY WAL-MART STORES, INC.

LA 130,647,761v10

**D.      Amount In Controversy.**

29.     To satisfy the $5 million amount-in-controversy requirement, Defendant need only establish that Plaintiffs' claims exceed the jurisdictional amount by a preponderance of the evidence. *See Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 397 (9th Cir. Nov. 18, 2010) (noting that a defendant merely needs to show that it is "more likely than not" that the CAFA jurisdictional threshold is met); *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1208-09 (11th Cir. 2006). "If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction." *Lowery*, 483 F.3d at 1208-09. The Ninth Circuit emphasized in *Lewis*, 627 F.3d at 400, that "the amount in controversy *is simply an estimate* of the total amount in dispute, not a prospective assessment of defendant's liability." (*Id.*) (emphasis added); *Naiyan v. Sodexo, Inc.*, 2011 WL 1543371, at *3 (C.D. Cal. Apr. 25, 2011) ("[i]t seems as though Plaintiff would force Defendants to prove the case against them in order to establish that a federal court has jurisdiction to hear the lawsuit; this Defendants are not required to do.") As the *Lewis* court concluded, "[o]nce the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million,... then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much." *Id.* at 401.

30.     Walmart denies the validity of Plaintiffs' claims and requests for relief, but the allegations in Plaintiffs' FAC and the claimed damages, as set forth in Plaintiffs' recent Supplemental Discovery Responses, demonstrate that the amount-in-controversy greatly exceeds the jurisdictional minimum.

31.     In his Supplemental Discovery Responses, Myers asserts:

His average salary was $11.50/hour. Plaintiff attended the mandatory store meetings at least one time per month, and they lasted approximately two (2) hours. Plaintiff was did not receive proper overtime compensation for these meetings. Based on these estimated facts: 40 months of mandatory meetings; 40 mandatory meetings; 40 meetings x 2 hrs/meeting = 80 hours of

8

LA 130,647,761v10

uncompensated OT; OT based on pay rate of $11.50/hr is $17 of OT payment per hour; 80 hours x $17 = $1,360.00.

(*See* Plaintiff Sam Myers' Supplemental Responses To Defendant's Special Interrogatories, Set One, Exhibit C, at Supp. Resp. to Int. No. 1, pg. 3.)

32.     Similarly, in her own verified discovery responses Jones asserts:

Plaintiff worked at Wal-Mart from approximately January 2001 through February 2011; the class period begins March 23, 2008, thus damages and penalties began to accrue from March 23, 2008. Her average salary was $11.20/hour (based on known pay records and current recollection). Plaintiff attended the mandatory store meetings one or two times a month (for an average of 1.5 meetings a month; each meeting lasted between one (1) and three (3) hours (for an overall average of two[2] hours per meeting). Plaintiff was did not receive proper overtime compensation for these meetings. Based on these estimated facts: 35 months of mandatory meetings, at an average of 1.5 meetings per month = 52.5 meetings; 52.5 meetings x 2 hrs/meeting = 105 hours of uncompensated OT; OT based on $11.20/hr is $16.80 of OT payment per hour; 105 hours x $16.80 = $1,764.00 of wages owed.

(*See* Plaintiff Charmonique Jones' Supplemental Responses To Defendant's Special Interrogatories, Set One, Exhibit C, at Supp. Resp. to Int. No. 1, pg. 3.)

33.     Plaintiffs further allege that their "claims are typical of those of the Class members." (FAC 8(c).)   Plaintiffs also admit that the type of harm they allegedly suffered and the amount of money they are seeking are "typical" of the amounts sought on behalf of each member of the putative class. (*See* Defendant Wal-Mart Stores, Inc.'s Requests For Admission, Set One, RFA Nos. 1-2, Exhibit B (RFA 1: "Admit that the type of harm YOU [] suffered is typical of the type of harm each member of the PROPOSED CLASS suffered…") (RFA 2: "Admit that the amount of money, including, but not limited to, penalties, liquidated damages and attorneys' fees, that YOU seek in this case is typical of the amount sought on behalf of each member of the PROPOSED

NOTICE OF REMOVAL BY WAL-MART STORES, INC.

CLASS."); Plaintiff Charmonique Jones and Plaintiff Sam Myers' Supplemental Responses To Defendant's Requests For Admission, Set One, Supplemental Response to RFA Nos. 1-2, Exhibit C (Supplemental Response to RFA 1: "Admit") (Supplemental Response to RFA 2: "Admit")).[2]

34.    Based on these calculations, the amount in controversy greatly exceeds $5 million on Plaintiffs' first cause of action alone in light of the putative class size at issue here. As noted above, between March 27, 2010 (the commencement of the putative class period alleged in the FAC) and August 10, 2012, Walmart has employed approximately 105,700 persons in non-exempt positions in the state of California. (*See* Defendant Wal-Mart Stores, Inc.'s First Supplemental Responses to Special Interrogatories, Set One, No. 12, Exhibit E.) Approximately 62,472 of those associates were employed for at least one year or more during the putative class period. (*Id.*)

35.    Applying Plaintiff's own calculations to these class numbers, the amount in controversy on Plaintiff's overtime claim alone is, using a conservative estimate, at least $14,993,280. Jones and Myers assert in their Supplemental Discovery Responses that they attended an average of 1.25 meetings per month, which lasted an average of two hours per meeting for which they claim they were not paid their average time and a half overtime rate of $16.90. (Exhibit C, Supp. Resp. to Int. No. 1.) Assuming that each of the putative class members attended meetings while not clocked in at the same frequency as the named Plaintiffs, and using for purposes of the calculation a California minimum hourly rate of $8.00 per hour, the overtime claim equates to $240.00 per putative class member per year in allegedly unpaid wages. (1.25 meetings per month for a year = 15 meetings per year; 15 meetings x 2 hrs/meeting = 30 hours of uncompensated time per year; 30 hours of uncompensated time x $8.00 = $240.00 of wages owed per year per

---

[2] While the RFA Discovery Requests and Supplemental RFA Responses are separate for each named plaintiff, the requests and responses to RFA Nos. 1-2 are identical.

NOTICE OF REMOVAL BY WAL-MART STORES, INC.

LA 130,647,761v10

associate).[3]  Applying that figure only for a year of work by those putative class members who worked a year or more during the class period (62,472) yields an alleged claim of $14,993,280 for time spent at mandatory meetings for which they were not paid at a minimum hourly rate.

36.   This calculation is extremely conservative, as it assumes that each of the putative class members were compensated at the minimum wage, rather than applying the individual hourly rate for each putative class member (which for most of the putative class members would be higher than minimum wage).  The figure also does not include the claimed damages on Plaintiffs' other causes of action or any penalties.  Nor does this calculation include any damages or penalties allegedly owed to those putative class members who were employed in California for less than a year, or for damages or penalties allegedly owed to those putative class members who attended such meetings for more than one year.

37.   In addition, Plaintiffs have alleged causes of action under the California Labor Code, which purportedly provides for statutory attorneys' fees.  (FAC ¶ 34-41.)  When a statute provides for a right to seek attorneys' fees, potential attorneys' fees may also be included in determining the amount in controversy.  *See Lowdermilk v. U.S. Bank Nat'lAssoc.*, 479 F.3d 994 (9th Cir. 2007) (holding that attorneys' fees authorized by state statute could be considered when calculating amount in controversy for CAFA); *see also Paul, Johnson, Alston Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989) (fee awards generally range from 20% to 30% of recovery); *Smith v. Cardinal Logistics Mgmt. Corp.*, Civ. A. No. 07-2104, 2011 WL 3667452, at *2-3 (N.D. Cal. Aug. 22, 2011).  Adding a 20-30% attorneys' fee to the potential damages further demonstrates that the amount in controversy exceeds $5,000,000.

---

[3] This calculation assumes that the allegedly uncompensated meeting time should have been paid at the regularly hourly rate and that the affected associates had not worked sufficient hours to qualify for overtime.  If an overtime rate (time and one-half) is applied, the amount in controversy would, of course, increase.

38.     Plaintiffs also seek PAGA penalties on behalf of the putative class, which may be included in determining the amount in controversy. *See, e.g., Butterworth v. Am. Eagle Outfitters, Inc.*, 1:11CV01203 LJO DLB, 2011 WL 4905641, at *5-6 (E.D. Cal. Oct. 14, 2011) aff'd, CV F 11-1203 LJO DLB, 2011 WL 5825700 (E.D. Cal. Nov. 17, 2011) ("The Court has found that [CAFA] jurisdiction exists based solely on the PAGA penalties").   These alleged penalties are not included in the amount-in-controversy computation set forth above.[4]

39.     In sum, based on Plaintiff's Supplemental Discovery Responses and the allegations of the FAC, the amount in controversy in this case exceeds the $5,000,000 threshold of 28 U.S.C. § 1332(d).

40.     Defendant provides the foregoing calculations only to demonstrate that the amount in controversy in this case meets or exceeds the amount in controversy requirement of the Act.   Defendant expressly denies and disputes the allegations asserted by Plaintiff.   The calculations set forth above are not, and should not, be construed as admissions with respect to any liability or damages aspect of this case or that any damages, penalties, attorneys' fees or other monies should be awarded to Plaintiffs or the putative class, or that any class should be certified under any state or federal rule or statute.

### III.     DIVERSITY JURISDICTION

41.     Based on Plaintiffs' Supplemental Discovery Responses, this Court also has original jurisdiction under 28 U.S.C. § 1332, and this case may be removed under 28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

---

[4] In response to Special Interrogatory 11, Plaintiffs Jones and Myers seek (under PAGA) a civil penalty of $100 for the alleged initial violation, and $200 per pay period for each alleged subsequent violation of Walmart's PAGA penalties for Walmart's (1) failure to pay wages; (2) unpaid overtime; (3) failure to pay timely wages; and (4) failure to itemize pay statements, resulting in the amounts of $55,600 and $63,200.00 for themselves alone, respectively. (*See* Exhibit C.)

NOTICE OF REMOVAL BY WAL-MART STORES, INC.

42.    In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is what amount is put "in controversy" by the plaintiffs' complaint, not what Walmart will actually owe. *Rippee v. Boston Mkt. Corp.*, 408 F.Supp.2d 982, 986 (S.D. Cal. 2005).

43.    Here, in their Supplemental Discovery Responses, Plaintiffs Jones and Myers provided the following damages calculations for each of their causes of action:[5]

| Cause of Action | Jones' Response | Myers' Response |
| --- | --- | --- |
| First (Failure to pay wages owed in violation of Cal. Lab. Code §§ 204 and 218) | $1,764.00 + Attorneys' Fees (Int. No. 1, pg. 3) | $1,360.00 + Attorneys' Fees (Int. No. 1, pg. 3) |
| Second (Failure to pay overtime wages in violation of Cal. Lab. Code §§ 510, 1194 and 1198) | $1,764.00 + Attorneys' Fees (Int. No. 3, pg. 6) | $1,360.00 + Attorneys' Fees (Int. No. 3, pg. 5) |
| Third (Failure to pay  wages owed upon employment termination in violation of Cal. Lab. Code §§ 201, 202 and 203) | $2,688 + Attorneys' Fees (Int. No. 5, pg. 8) | $2,760.00 + Attorneys' Fees (Int. No. 5, pg. 8) |
| Fourth (Failure to itemize pay statements in violation of Cal. Lab. Code § 226) | $4,000 (per cap) + Attorneys' Fees (Int. No. 7, pg. 11) | $4,000 (per cap) + Attorneys' Fees (Int. No. 7, pg. 10) |
| Fifth (Unfair competition) | $8,452.00 (Int. No. 9, pg. 14) | $8,120.00 (Int. No. 9, pg. 13) |
| Sixth (Penalties pursuant to Cal. Lab. Code § | $55,600.00 | $63,200.00 |

---

[5]  Plaintiff Jaron Wilson failed to serve Supplemental Discovery Responses.  However, Plaintiff Wilson worked at Walmart from December 11, 2007 through December 24, 2010, thus his alleged damages are similar to those of the other two Plaintiffs and also exceed the $75,000 jurisdictional threshold.

13

LA 130,647,761v10

| 2698 *et seq*.) [6] | (Int. No. 11, pg. 16) | (Int.No. 11, pg.15) |
|---|---|---|
| **TOTAL:** | **$74,268** | **$80,800** |

(*See* <u>Exhibit C</u>). Myers responses alone provide an amount in controversy exceeding $75,000. Jones' claim will similarly exceed the amount in controversy requirement with recovery of even the most minimal $733 of attorneys' fees. *See Lowdermilk v. U.S. Bank Nat'l Assoc.*, 479 F.3d 994 (9th Cir. 2007).

44.     Walmart denies the validity and merit of all of Plaintiff's claims, the legal theories upon which they are purportedly based, and the claims for monetary and other relief that flow from them. However, for purposes of removal only, and without conceding that Plaintiffs or the putative class are entitled to any penalties, it is readily apparent that the amount "in controversy" is well in excess of the jurisdictional minimum of $75,000.

45.     For the purposes of removal, the amount in controversy should be calculated by applying the maximum civil penalty authorized.   *See Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.2d 1199, 1205 (E.D. Cal. 2008) ("Where a statutory maximum is specified, courts may consider the maximum statutory penalty available in determining whether the jurisdictional amount in controversy requirement is met."); *Urbino v. Orkin Services of California, Inc.*, 2011 WL 4595249 at *9, n. 11 (C.D. Cal. 2011) (holding that amount in controversy in a non-CAFA case "turns on the total civil penalties" sought regardless of "PAGA's apportionment of 75 percent to LWDA and 25 percent to aggrieved employees."); *Schiller v. David's Bridal Co.*, 2010 WL 2793650, at *8 (E.D. Cal. Jul. 14, 2010) ("it makes little difference whether the LWDA shares in this recovery. Plaintiff, by alleging PAGA penalties, has put 100% of the PAGA penalties in controversy.").

46.     As enumerated above, complete diversity of citizenship currently exists, in that Walmart is a citizen of Delaware and Arkansas and Walmart the three named Plaintiffs are citizens of California.   (*See* Plaintiffs' Responses To Defendants' Form Interrogatories General, Set One, No. 2.5, <u>Exhibit D</u>.)

NOTICE OF REMOVAL BY WAL-MART STORES, INC.

LA 130,647,761v10

## IV.   CONCLUSION

47.    For the reasons stated above, removal pursuant to removal pursuant to CAFA, 28 U.S.C. § 1332(d)(2), is appropriate.

48.    Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal is being filed with the clerk of the Superior Court of California, County of Los Angeles.

49.    Pursuant to 28 U.S.C. §1446(d), Defendant is providing written notice of the removal of this action to Plaintiff by serving Plaintiffs' counsel.

50.    Pursuant to 28 U.S.C. §1446(a), copies of all processes, pleadings, and order served upon Defendant are being filed with the Court contemporaneously with this Notice of Removal, as Exhibit "F".   By filing this Notice of Removal, Defendant does not waive any jurisdictional objection or other defenses available to it under the law.

51.    The undersigned counsel for Defendants has read the foregoing and signs the Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

WHEREFORE, Defendant prays that the above action now pending against it in the Superior Court of the State of California, County of Los Angeles, be removed to this Honorable Court, and requests that this Court retain jurisdiction for all further proceedings.

DATED:  December 18, 2012          GREENBERG TRAURIG, LLP


                                   By _____
                                      Robert J. Herrington
                                      Alana C. Srour
                                      Attorneys for Defendant,
                                      Wal-Mart Stores, Inc.

15

LA 130,647,761v10

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Margaret M. Morrow and the assigned discovery Magistrate Judge is Carla Woehrle.

The case number on all documents filed with the Court should read as follows:

## CV12- 10799 MMM (CWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

═════════════════════════════════════════════

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [✓] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
CHARMONIQUE JONES, SAM MYERS and JARON WILSON, individuals, on behalf of themselves and all others similarly situated,

**DEFENDANTS**
WAL-MART STORES, INC., a Delaware corporation, headquartered in the State of Arkansas and authorized to do business in the State of California, and DOES 1 - 100

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
David K. Markham, Esq.; Peggy J. Reali, Esq.
The Markham Law Firm
750 B Street, Suite 1920
San Diego, CA 92101 TEL: 619-399-3995 FAX: 619-501-0899
(see additional attachment)

Attorneys (If Known)
Robert J. Herrington (SBN 234417); Alana C. Srour (SBN271905)
Greenberg Traurig, LLP
1840 Century Park East, Suite 1900
Los Angeles, CA 90067
TEL: 310-586-7700 FAX: 310-586-7800
herringtonr@gtlaw.com; sroura@gtlaw.com

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No    ☒ MONEY DEMANDED IN COMPLAINT: $ Damages according to proof

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. §1332(D)(2) (CAFA); 28 U.S.C. §§ 1332, 1441(B) AND 1446 (DIVERSITY)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☒ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | **IMMIGRATION** | ☐ 446 American with Disabilities – Other | ☐ 640 R.R.& Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:**    Case Number:    **CV12-10799**

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

American LegalNet, Inc.
www.FormsWorkflow.com

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Plaintiff Charmonique Jones - resident of Los Angeles County<br>Plaintiff Sam Myers - resident of Los Angeles County<br>Plaintiff - Jaron Wilson  - resident of Los Angeles County | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Defendant Wal-Mart Stores, Inc. is incorporated in Delaware and has its principle place of business in Arkansas |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | The case purports to certify a class-action covering current and former employees of Wal-Mart throughout California |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date  December 18, 2012
Robert J. Herrington, Esq., Attorney for Defendant Wal-Mart Stores, Inc.

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

**Key to Statistical codes relating to Social Security Cases:**

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

LA 130659031v2

American LegalNet, Inc.
www.FormsWorkflow.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Attachment to Civil Cover Sheet CV-71**

**Item I.(b) — Attorneys**

Additional Attorneys for Plaintiffs

| | |
|---|---|
| Walter Haines<br>United Employees Law Group<br>65 Pine Ave., #312<br>Long Beach, CA 90802<br>Tel: (877) 696-8378<br>Fax: (562) 256-1006 | |

ATTACHMENT TO CIVIL COVER SHEET

LA 130,660,490v1 016436.165500